UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

THERESE COMBS,

    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No.: 3:14-cv-293

Magistrate Judge Michael J. Newman
(Consent Case)

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 6. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply memorandum (doc. 13), the administrative record (doc. 9),[1] and the record as a whole.

**I.**

**A.**    **Procedural History**

Plaintiff filed for DIB alleging a disability onset date of April 14, 2011. PageID 245-47. Plaintiff claims disability as a result of a number of impairments including, *inter alia*, fibromyalgia and degenerative disc disease. PageID 65.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denials of her application, Plaintiff received a hearing before ALJ John S. Pope on February 21, 2013.  PageID 82-126.  The ALJ issued a written decision thereafter finding Plaintiff not disabled.  PageID 63-77.  Specifically, the ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since April 14, 2011, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: fibromyalgia [and] degenerative disc disease (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR 404.1567(b),[2] with the following exceptions: she may only occasionally climb ladders, ropes, or scaffolds; stoop; kneel; crouch; or crawl.

6. The claimant is capable of performing [her] past relevant work as a cashier. This work does not require the performance of work-related activities precluded by the claimant's [RFC] (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from April 14, 2011, through the date of this decision (20 CFR 404.1520(g)).

PageID 65-77.

---

[2] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 404.1567.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or ... sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.* § 404.1567(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id.* § 404.1567(a).

2

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 45-47. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

### B. Evidence of Record

In his decision, the ALJ set forth a detailed recitation of the underlying medical evidence in this case. PageID 65-76. Plaintiff, in her Statement of Errors, summarizes the relevant record evidence. Doc. 10 at PageID 440-41. The Commissioner presents no specific objection to Plaintiff's summary and defers to the ALJ's recitation of the relevant medical evidence. Doc. 12 at PageID 456. Except as otherwise noted in this Decision and Entry, the undersigned incorporates Plaintiff's summary and the ALJ's recitation of the evidence.

### II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff

disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id*. at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id*.

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin*, 475 F.3d at 730, the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is disabled under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff argues that the ALJ erred in evaluating the medical opinions from her treating physician, Rick Gebhart, D.O. Doc. 10 at PageID 437-51. Plaintiff also alleges that the ALJ erred in his analysis of the record reviewing physicians, who did not examine or treat her. *Id.* at PageID 441-45.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.,* No. 3:12–cv–119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). Treating physicians and psychologists top the hierarchy. *Id.* "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Id.* "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id.* "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id.* (citing SSR 96–6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *LaRiccia v. Comm'r of*

5

*Soc. Sec.,* 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original).  This requirement is known as the "treating physician" rule.  *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).  Greater deference is given to treating source opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations [.]"  20 C.F.R. § 404.1527(c)(2); *see also Blakley,* 581 F.3d at 406.  Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record.  *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion."  *Blakley,* 581 F.3d at 406–07.  "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating

physician." *Id.* at 406; *see also* 20 C.F.R. § 404.1527(c)[3]. In addition, unless the opinion of the treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.,* No. 97–2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

A.   Dr. Gebhart

In January 2013, after treating Plaintiff for five years, Dr. Gebhart completed three questionnaires assessing Plaintiff's RFC, and opined that her fibromyalgia and pain cause disabling limitations. PageID 390-99. Dr. Gebhart also opined that Plaintiff is likely to be absent from work ten times per month due to her impairments. PageID 393. After summarizing the opinions, the ALJ declined to give Dr. Gebhart's opinions "much weight[,]" and noted:

> [i]n one form he indicated no lifting and carrying at all, in another he advised she could occasionally lift up to five pounds. Such internal inconsistencies do not make the opinions particularly persuasive . . . [a]s an initial matter, standard form medical questionnaires are generally entitled to little weight where the opinion is without explanation in the form of a narrative. In this case, Dr. Gebhart's treatment notes also fail to illuminate these extreme limitations. Indeed, even the claimant's estimates of her own capacity greatly exceed those check[-]marked indications from Dr. Gebhart. According to the practice's notes, the claimant has seen Dr. Gebhart since only May 2012, for five total visits. His examinations have been minimal; where he performed full physical examination, the findings -- including classic 14/18 tender points, normal gait and station, intact sensation, normal deep tendon reflexes, normal muscle tone, and abnormal motor strength -- were simply not severe enough to demand the total avoidance of all activity that these forms indicate. For these reasons, the undersigned cannot give the form opinions much weight.

---

[3] In essence, "opinions of a treating source ... must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.,* No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if ... the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id.*

PageID 76 (internal citations omitted). Plaintiff argues that the ALJ's assessment fails to provide good reasons for rejecting Dr. Gebhart's opinions or reflect consideration of the 20 C.F.R. § 404.1527(c) factors. Doc. 10 at PageID 437-41, 445-51.

The Court agrees that the ALJ erred in assessing the weight accorded to Dr. Gebhart's opinions. Initially, the Court notes that the ALJ failed to mention the concept of controlling weight when analyzing Dr. Gebhart's opinions, or set forth the required analysis. *See Wilson*, 378 F.3d at 544. Thus, the Court cannot determine whether the ALJ undertook the "two-step inquiry" required when analyzing treating source opinions. *See supra* note 3; *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013). This failure amounts to error because the lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart*, 710 F.3d at 377 (citations omitted); *see Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014).

Even assuming, *arguendo*, that the ALJ properly conducted a controlling weight analysis -- which the undersigned concludes he did not -- the Court also finds that the ALJ failed to provide good reasons for discounting Dr. Gebhart's opinions. First, Dr. Gebhart's purportedly mild examination findings are not a good reason to reject his opinions. The ALJ's conclusion in this regard appears to rest upon a misconception of the nature of fibromyalgia:

> [U]nlike medical conditions that can be confirmed by objective testing, fibromyalgia patients present no objectively alarming signs. Rather, fibromyalgia patients 'manifest normal muscle strength and neurological reactions and have a full range of motion.' The process of diagnosing fibromyalgia includes []the testing of a series of focal points for tenderness[.]

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243-44 (6th Cir. 2007) (citation omitted). Here, the ALJ stated that Dr. Gebhart noted tender points on examination on several occasions,

8

including "classic 14/18 tender points[.]" PageID 68. Without explanation by the ALJ, it is thus unclear to the undersigned how Dr. Gebhart's findings undermine his opinions or -- considering the "unique evidentiary difficulties associated with the diagnosis and treatment of fibromyalgia," *Rogers*, 486 F.3d at 245 -- what examination findings would have supported his limitations.

Second, the ALJ discounted all of Dr. Gebhart's limitations because of a purported inconsistency between the lifting restrictions in two of the opinions. *See* PageID 76. However, "[s]uch inconsistency, in and of itself, is not a sufficient reason to wholly disregard all limitations found by [the treating physician] arising from Plaintiff's" impairments. *Price v. Comm'r of Soc. Sec.*, No. 3:13-cv-394, 2015 WL 93644, at *5 (S.D. Ohio Jan. 7, 2015), *Report and Recommendation adopted*, 2015 WL 1402587 (S.D. Ohio Mar. 25, 2015) (reversing when the ALJ rejected a treater's opinion because of internal inconsistencies regarding how many times Plaintiff would be absent from work per month).

Finally, the undersigned finds that the ALJ's assessment fails to consider significant evidence, as required by 20 C.F.R. § 404.1527(c)(2). *Blakley*, 581 F.3d at 406. The ALJ erroneously stated that Dr. Gebhart had treated Plaintiff "only since May 2012," *i.e.,* for less than a year at the time he provided his January 2013 opinions -- and discounted his opinions on that basis, PageID 76 -- when Dr. Gebhart noted that he had treated Plaintiff for five years. PageID 39; *see* PageID 389 (evidencing treatment in 2010); *compare* PageID 389 *with* PageID 394, 397, 399. The ALJ thus did not consider Dr. Gebhart's long-term treatment relationship with Plaintiff and how he could, therefore, provide a "detailed, longitudinal picture of [Plaintiff's] medical impairment[,]" as contemplated by the regulations. 20 C.F.R. § 404.1527(c)(2).

Based upon the foregoing, the undersigned finds that the ALJ failed to properly assess and give good reasons, supported by substantial evidence, for discounting the opinions of

9

Plaintiff's treating physician. *See Blakley*, 581 F.3d at 409-10 (holding that "the Commissioner must follow his own procedural regulations in crediting medical opinions"). Accordingly, the ALJ's non-disability finding is reversed.

### B. Record Reviewing Physicians

The ALJ also erred in his analysis of opinions from record reviewing physicians Nick Albert, M.D. and Dimitri Teague, M.D. PageID 76. "Unless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical . . . consultant[.]" 20 C.F.R. § 404.1527(e)(2)(ii). Such explanation must be "meaningful." *Ott v. Comm'r of Soc. Sec.*, No. 1:08-CV-00399, 2009 WL 3199064, at *3 (S.D. Ohio Sept. 29, 2009). In fact, when weighing opinions of state agency consultants, Social Security regulations require the ALJ to apply the same level of scrutiny as afforded to treating source opinions. *Gayheart*, 710 F.3d at 379. "A more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require[]." *Id*.

In analyzing the opinions Drs. Albert and Teague -- that Plaintiff is capable of light exertional work activity with occasional postural limitations -- and affording them "considerable weight," the ALJ stated only that their limitations are "consistent with the record as a whole" and "appropriate to accommodate the claimant's physical difficulties." PageID 76. The ALJ failed to mention or provide explanation concerning any of the § 404.1527(c) factors. The ALJ's conclusory assessment thus fails to satisfy his obligation to provide a meaningful analysis of the weight accorded all medical source opinions of record. *See Aytch,* 2014 WL 4080075, at *5-6. This serves as an additional, separate basis justifying reversal.

**IV.**

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order the award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, evidence of disability is not overwhelming in light of the conflicting medical source opinions. *See* PageID 130-32, 139-41, 390-99. Instead, remand for further proceedings is proper so that the ALJ can analyze all opinions of record, meaningfully explain the weight to be reasonably accorded those opinions, and determine Plaintiff's disability status anew.

**V.**

For the foregoing reasons: (1) the Commissioner's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and (3) this case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.

Date:  February 18, 2016          *s/ Michael J. Newman*
                                   Michael J. Newman
                                   United States Magistrate Judge